UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAABAR VENSON,<br>      Plaintiff<br><br>    v.<br><br>TERRELL PORK,<br>      Defendant | No. 21 CV 5108<br><br>Judge Jeremy C. Daniel |

**ORDER**

The defendants' motion for sanctions [39] is denied. The parties shall confer and submit a status report on or before September 13, 2023. The status report shall include a proposed schedule for dispositive motions. If neither party intends to file a dispositive motion, the status report shall include proposed trial dates.

**STATEMENT**

The defendants seek dismissal of the First Amended Complaint as a sanction for an alleged violation of Rule 11 of the Federal Rules of Civil Procedure. According to the defendants, the plaintiff's deposition testimony in another case is inconsistent with her allegations (and discovery responses) in this case. Specifically, the defendants claim that the plaintiff testified in another case that she did not suffer physical injuries following an alleged assault in March 2018 but alleged in this case that she suffered "bodily injury, pain, suffering, emotional distress, anguish, and humiliation" following that alleged assault. *See* R. 38 ¶¶ 1-2, 5-6; s*ee also*, *e.g.*, R. 16 ¶ 41.

According to the First Amended Complaint, the alleged assault occurred on March 23, 2018, following a meeting that the plaintiff had with an internal affairs officer at a prison. R. 16 ¶¶ 21-24. After the meeting, while transferring the plaintiff to the bullpen, the defendants dragged the plaintiff into the bullpen, threw her on the ground, and then beat and spit on her. *Id.* ¶¶ 25-37.

At a deposition in a different matter involving an alleged fall at the prison, the plaintiff was asked whether she had sustained any other injuries beyond the two fall-incidents she had previously described. The plaintiff then testified regarding the alleged assault in the bullpen, stating, "Then they, like, grabbed me up, started, like, messing with me, like, punching me and stuff. And then I was cuffed, so I was, like, in the waist chains. And, like, I wouldn't let them strip me and stuff. Then they slammed me on the ground and got my clothes off, and he spit on me." R. 39-2 at 93:8-

93:21, 100:23-101:5. The plaintiff further testified, "It was mainly, like, slaps and stuff like that, like, little slaps in the head and, like, a kick in the back and stuff like that." *Id.* at 108:6-8. The following exchange then occurred:

> Q: Okay. Did you sustain injuries from this incident that we're talking about right now?
> A: Not – no. Not – I wasn't – it wasn't nothing wrong with me. My pride was hurting, but other than that . . .
> Q: Your what was hurt?
> A: Pride.
> Q: Got it. Got it. Okay. But you don't recall sustaining physical injuries from this incident?
> A: Besides the emotional, no.

*Id.* at 108:11-22. This exchange is the basis for the defendants' motion. *See* R. 45 at 1 (describing this testimony as the "key piece of evidence" that led defendants to file their motion). According to the defendants, "Plaintiff previously clearly indicated that she suffered no physical injuries as the result of this incident. However, Plaintiff has failed to amend her complaint or her discovery responses to remove all language that she suffered physical harm." R. 39 ¶ 8.

The testimony, read in context, is not as clear as the defendants claim. The plaintiff testified that two individuals threw her to the ground, slapped her, kicked her, and spat on her. This testimony is consistent with allegations in the First Amended Complaint, as being slapped, kicked, and spat on could cause bodily injury, pain, suffering, emotional distress, anguish, and humiliation. Notably, in the same deposition, the plaintiff testified that she asked for (but did not receive) medical attention following the assault. R. 39-2 at 109:2-10. The defendants ignore this testimony; testimony from which one could infer the plaintiff suffered physical injuries from the alleged assault.

Because the plaintiff's testimony is not as clear and unambiguous as the defendant claims, there is no reason for the Court to impose sanctions under Rule 11.

Date: 8/31/2023

JEREMY C. DANIEL
United States District Judge

2